95  33
e109 659

95   33
125  706

CASE 7—INDICTMENT—OCTOBER 17.

# Haverly v. Commonwealth.

APPEAL FROM HARRISON CIRCUIT COURT.

INSTRUCTION AS TO SELF-DEFENSE.—Although it appeared upon the trial of appellant for murder that the deceased had threatened to take his life, had shoved him off the sidewalk in passing him on the street, and on one occasion had put his hand in his pocket as though to draw a weapon, when the defendant got behind a tree, the defendant was not entitled to an instruction telling the jury in substance that if these things were true the defendant had reasonable grounds to believe that the mere presence of the deceased put him in peril, and that he was not bound to wait until he was actually assaulted before acting in his self-defense. It is only where the previous assault manifests a deadly intent that such an instruction is authorized.

WARD & LAFFERTY FOR APPELLANT.

1. The court erred in its instructions in excluding from the consideration of the jury all previous acts of hostility by the deceased toward the accused. (Bohannon v. Commonwealth, 8 Bush, 481; Oder v. Commonwealth, 80 Ky., 32.)·
2. It was error to submit the case to the jury in the absence of counsel for the accused, the failure to send for counsel resulting in the failure to have the jury take with them to their room one of the depositions and also the weapons in evidence. (Crim. Code, sec. 248; Allen v. Commonwealth, 85 Ky., 642; Temple v. Commonwealth, 14 Bush, 769.)
3. The action of the sheriff in shutting himself up with the jury while they were deliberating was improper, and entitles appellant to a reversal. (Shields v. Commonwealth, 2 Bush, 81.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The law of the case was fully given for the defendant, and the only error of the court was in refusing to give the instruction offered by the Commonwealth. That a person has been merely threatened, even by a most lawless character, furnishes no excuse for taking his life. (Oder v. Commonwealth, 80 Ky., 32.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Under an indictment for the murder of Lewis Long, the appellant was convicted of the crime of manslaughter

and sentenced to confinement in the penitentiary for the term of two years. He complains of various errors, and his motion for a new trial having been overruled, he has appealed to this court.

It is contended by his counsel that the facts leading up to the killing are of such a character as authorized or rather required the lower court to give to the jury instructions similar in character to those given in the Bohannon case, 8 Bush, 481, and in the Oder case, 80 Ky., 32. In the first-named case it is recited that Bohannon's life had been repeatedly and openly threatened by a desperate and lawless enemy, and who had in fact made an actual attempt to assassinate him upon the public highway with a deadly weapon, and the accused had escaped death only by deserting his horse and concealing himself in the fields. After which the deceased pursued the friends of the accused riding with him and who were members of his family residing at his house, and mistreated them, and declared to them that he intended to kill Bohannon on sight. Under these circumstances it is said of Bohannon, "He may leave his home for the transaction of his legitimate business, or for any lawful and proper purpose, and if on such an occasion he casually meets his enemy, having reason to believe him to be armed and ready to execute his murderous intentions, and he does believe, and from the threats, the previous assault, the character of the man and the circumstances attending the meeting he has the right to believe, that the presence of his adversary puts his life in imminent peril, and that he can secure his personal safety in no other way than to kill him, he is not obliged to wait until he is actually assailed." But it is said further, "that the threats of

even a desperate and lawless man do not and ought not to authorize the person threatened to take his life; nor does any demonstration of hostility short of a manifest attempt to commit a felony justify a measure so extreme."

In the second-named case, Hall, having a grievous charge against Oder connected with his daughter, threatened to kill him, waylaid him several times, assaulted him with a pistol, and sought to hire for money an ex-convict to kill him. The court said "that when a person has been merely threatened by even the most lawless character, it furnishes no legal excuse for taking his life. But when a person has been threatened, waylaid, menaced and assaulted with a deadly weapon, and he afterwards casually meets his foe, if from his character, antecedent conduct and the circumstances of the meeting and his presence, he believes and has reasonable grounds to believe, judging thereof for himself, but at his peril, that his foe is about to inflict on him loss of life or great bodily harm, or will then and there carry into execution his design to kill him or do him such harm, unless prevented, he is not bound to wait until actually assaulted, but he may lawfully use such force as shall be necessary to avert such impending danger."

In these two cases, which are extreme instances of vindictive bloodthirstiness on the part of the persons killed, it will be seen that the very presence of their enemy put into actual and imminent peril the lives of the accused persons, and gave them reasonable grounds to believe that further murderous assaults with a deadly weapon were about to be made on them.

After a careful reading of the record before us we are of opinion that the facts of this case fall short of author-

izing an instruction similar to those given in the cases relied on.

The appellant and the deceased had been fellow-workmen in the same shop. The deceased was overbearing toward his comrades, and would put " bucks " or stitching horses in the way leading to the appellant's bench. He took off his pistol in the presence of the workmen and placed it in his work drawer. He rendered himself unpopular with the workmen, and was put to work at his residence by the proprietor. Shortly before the killing he threatened to " do up " or " fix " the defendant, and on several occasions, when passing him on the streets of the town, he would crowd against him and shove him off the pavement; on one such occasion he put his hand in his pocket as if to draw a weapon, and the accused got behind a tree. These were assaults, contend counsel; and so they were, but we can not say that any deadly intent is apparent. No hostile demonstration manifesting an attempt to commit a felony is so clearly evidenced by these exasperating intimidations as to require their submission to a jury in an instruction.

These circumstances and threats, this display of the pistol and—adopting the language of this court in Kennedy v. Commonwealth, 14 Bush, 352—" any other fact tending to show that the slayer was in peril at the time of the homicide, or that he had reasonable grounds upon which to believe he was in such peril, *may all be given in evidence* for the purpose of showing that there were grounds to believe he was *then* in danger; but if, notwithstanding all these things, he had no reasonable grounds for believing he was then in danger, they will not excuse him on the ground of self-defense, although they

may have justified him in believing he would be in such danger at some future time. This is in consonance with the philosophy of the law of self-defense, which is based on necessity, real or apparent. When there is no necessity, or apparent necessity, to slay an adversary to save one's own life, or person from great harm, there can not, in the nature of things, be a right to kill in self-defense."

The usual instructions on the subject of murder and manslaughter were given, and by the third the jury were told that "if they believed from the evidence that the accused, at the time of the shooting, in good faith believed, and had reasonable grounds to believe, that he was in immediate danger of loss of life or of suffering great bodily harm at the hands of Lewis Long, then he, the accused, had the right to use such means as were necessary, or apparently necessary, to protect himself from such impending danger, and if in so doing he shot and killed Lewis Long he, the accused, is excusable and should be acquitted." This instruction is unobjectionable, and embraces the law of self-defense as applicable to this case.

To the complaints made that the court permitted the jury to retire to their room in the absence of the defendant's counsel, without taking with them certain papers and without the knife and pistol of the deceased, and that while consulting in their room the sheriff went in to them and shut himself in with them, it is sufficient to say that the circumstances indicated only appeared in the motion and grounds for a new trial. They are not shown to have in fact occurred.

We have examined the objections taken with regard to the exclusion and admission of testimony, and perceive no

error in anywise affecting the substantial rights of the accused.

We have not deemed it necessary to review the facts immediately attending the homicide. From the testimony of the accused and the declaration of the deceased, made just after the shooting, that he "rushed at" the accused before the latter fired a shot, from the range of the ball in the neck showing the deceased to have "ducked" his head as if rushing on the accused, and from the hostile intentions of the deceased gathered from his previous conduct, it would seem that a case of self-defense had been made out, but of the truth of this testimony and of the weight to be given it the jury must be left to judge.

Perceiving no error of law, we must affirm the judgment.